# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 2, 2013

Lyle W. Cayce
Clerk

No. 12-31096
Summary Calendar

CRIST BREW,

Plaintiff–Appellant,

versus

WEYERHAEUSER NR COMPANY,

Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
No. 1:10-CV-1215

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Crist Brew, a black former employee of Weyerhaeuser NR Company

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-31096

("Weyerhaeuser"), appeals a summary judgment dismissing his race discrimination, harassment, retaliation, and constructive-discharge claims. We affirm.

I.

From 1985 to 2009, Brew worked at a wood-products manufacturing plant that Weyerhaeuser had acquired in 2000. In approximately 1990, Brew was promoted from press operator to press line lead. During most of his tenure, the plant exclusively relied on seniority to implement layoffs. In October 2008, all employees were notified that "[f]uture reductions in force . . . will be based on several factors including performance, attendance and years of service."

In November 2008, Weyerhaeuser conducted an investigation in response to an anonymous letter referencing three incidents at the plant. In 2007, plant manager Steve Story used sexually-explicit language when criticizing the performance of lab technicians during a quality-assurance team meeting. In March 2008, maintenance supervisor Darryl Jackson made a racist "joke" in the presence of two white co-workers; he was swiftly reprimanded and subsequently fired. The letter also described alleged bullying and profanity exhibited by Story during a meeting with one of his black subordinates. Brew was not present for any of those incidents. He was, however, one of thirty-seven employees interviewed by a human-resources manager during the ensuing investigation.

Weyerhaeuser announced a force reduction in January 2009. Although no press line leads were terminated, ten were considered for demotion by the plant superintendent, who was white, and by three of six department supervisors. Of the three department supervisors who evaluated Brew, two were black.[1]

Under the new criteria, numerical values were assigned to plant years of service, discipline, and team performance. Based on their scores, Brew and two

---

[1] Of the three supervisors who did *not* evaluate Brew (but did evaluate several of his colleagues), one was black.

2

No. 12-31096

white press line leads were demoted to press operator; seven leads, two of whom were black, retained their positions. Brew filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in March 2009.

In May 2009, Weyerhaeuser offered to re-promote Brew—who had the highest score of the three demoted leads—to a press line lead position on the night shift. Brew declined the promotion and resigned. After receiving a right-to-sue letter from the EEOC, he filed a complaint alleging that Weyerhaeuser had violated Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Louisiana Employment Discrimination Law.

The district court established a September 2, 2011, deadline for completion of discovery, which was later amended to November 2, 2011. On November 1, Brew propounded forty-six interrogatories and five requests for production. Weyerhaeuser declined to produce the requested information, and the district court denied Brew's motion to compel.

Weyerhaeuser had previously moved for summary judgment, which the court granted.[2] The court determined that Brew had failed to establish a *prima facie* case of discrimination, harassment, or retaliation and that there was no dispute of material fact concerning his constructive-discharge claim.

II.

Brew contends that the district court "erred in holding that [he] did not show that he was demoted from his position as a result of race discrimination, retaliation, and harassment actions in violation of Title VII."[3]

---

[2] Brew's opposition to summary judgment did not reference the denial of his motion to compel discovery.

[3] Title VII is the only discrimination statute germane to this appeal. Brew does not press an independent claim for state-law relief. Moreover, the Louisiana Employment Discrimination Law "is substantively similar to Title VII, and Louisiana courts routinely look to

(continued...)

3

No. 12-31096

We review a summary judgment *de novo*, "using the same standard as that employed by the district court under Rule 56." *Kerstetter v. Pac. Scientific Co.*, 210 F.3d 431, 435 (5th Cir. 2000).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

*Newman v. Guedry*, 703 F.3d 757, 761 (5th Cir. 2012).

A.

Title VII prohibits discrimination "because of" a protected characteristic, including race.  42 U.S.C. § 2000e-2(a)(1).  Under the burden-shifting approach of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny, a plaintiff must first demonstrate a *prima facie* case.  *See Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011).

Brew "establishes a prima facie case by providing evidence that []he: (1) is a member of a protected class; (2) was qualified for h[is] position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that others similarly situated were treated more favorably."[4]  It is undisputed that Brew is a member of a protected class who was subject to an adverse employment action.  Weyerhaeuser concedes, *arguendo*, that Brew was qualified for the press line lead position.  Because he was demoted during a force reduction and not

---

[3] (...continued)
the federal jurisprudence for guidance. . . .  We therefore analyze the issues only under the applicable federal precedents."  *McCoy v. City of Shreveport*, 492 F.3d 551, 556 n.4 (5th Cir. 2007) (per curiam) (citation and internal quotation marks omitted).  Similarly, Brew's complaint invoked 42 U.S.C. § 1981 only with respect to his desired remedies.  Additionally, "Title VII and section 1981 require the same proof to establish liability."  *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403 n.2 (5th Cir. 1999).

[4] *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001) (internal quotation marks omitted).

No. 12-31096

replaced by anyone, the existence of a *prima facie* case turns on whether he has shown that similarly-situated others were treated more favorably.

We discern no disparate treatment from the demotion of one of three black, and two of seven white, press line leads by a committee of four white and three black supervisors. Brew alleges that five of his white colleagues were either exempted from the evaluation process or otherwise afforded preferential treatment. He does not allege, much less show, however, that any of them was similarly situated.[5] Because Brew has not identified a single comparator outside the protected class who was differently treated "under nearly identical circumstances," *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009), he has failed to establish a *prima facie* case of race discrimination.

B.

Title VII prohibits retaliation: An employer may not "discriminate against any of his employees . . . because [the employee] has . . . participated in any manner in an investigation. . . ." 42 U.S.C. § 2000e-3(a). To establish a *prima facie* case of retaliation, Brew must show "1) that []he engaged in a protected activity; 2) that an adverse employment action occurred; and 3) that a causal link existed between the protected activity and the adverse action." *Septimus v. Univ. of Hous.*, 399 F.3d 601, 610 (5th Cir. 2005). Arguably, Brew engaged in a protected activity by participating in the investigation into the allegations contained in the anonymous letter. He has, however, adduced no causal link between that parti-

---

[5] Jerry Goff and Mike DeBlieux were not press line leads. Thurmond Lavespere was not considered for demotion, because he accepted a severance package that was also offered to Brew. Michael Marbut was subject to the same evaluation process: Brew alleges only that Marbut later resigned and was re-hired without application, which has no bearing on Brew's demotion. Finally, Brew notes that the evaluation form for Jeffery Humphrey was incomplete. Because Brew failed to invoke Humphrey as a comparator in the district court, he will not be heard to do so for the first time on appeal. *See Tex. Commercial Energy v. TXU Energy, Inc.*, 413 F.3d 503, 510 (5th Cir. 2005).

No. 12-31096

cipation and his subsequent demotion. Indeed, he has offered no evidence that any supervisor who evaluated him was even aware of his interview with the investigating human resources manager. "An employer cannot engage in a retaliatory action if at the time of the alleged action it does not know about an employee's protected conduct."[6] Brew has not established a *prima facie* case of retaliation.

## C.

"A hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'"[7]

> A prima facie case of racial harassment alleging hostile work environment normally consists of five elements: (1) the employee belongs to a protected group; (2) the employee was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term condition or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.

*Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 353 (5th Cir. 2001). "For harassment to affect a 'term, condition, or privilege of employment' it must be sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive working environment." *Id.* (internal quotation marks omitted).

Brew alleges that "racial comments by white employees and supervisors at the plant . . . created a racially hostile environment," after which he "began to experience adverse demands involving his duties as an employee . . . ." The

---

[6] *Balakrishnan v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 452 F. App'x 495, 500 (5th Cir. 2011) (per curiam).

[7] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) (quoting 42 U.S.C. § 2000e-5(e)(1)).

only derogatory "racial comments" in the record were made by Jackson to two white colleagues; Brew was not present. Though evidence of racial discrimination against third parties *may* be relevant to a hostile-work-environment claim,[8] Brew has not shown that Jackson's "joke" was emblematic of pervasive harassment.[9] To the contrary, it resulted in Jackson's termination and an extensive investigation, during which Brew indicated that he had not experienced *any* bias at the plant in the previous six months.

Brew's appellate brief alludes to a single incident of alleged harassment in which he was personally involved. In December 2008, Story approached Brew and asked him questions about how his machine was working. During the exchange, Brew questioned whether Story was "picking on me. . . . because I'm black?" Story immediately convened a meeting with Brew and his black supervisor to discuss Brew's performance, and Brew apologized to Story. Although Brew characterizes his interaction with Story as "racially charged," it was *Brew* —not Story—who invoked race. There is no evidence that Story or any other supervisor *ever* said anything racially-orientated to Brew. Whereas Brew maintains that he "has a genuine issue of fact in feeling reprimanded and intimidated," he has not shown that "the harassment complained of was based on race." *Id.* Brew has not established a *prima facie* case of harassment.

### III.

Brew alludes to, but marshals no arguments or authority in support of, his constructive-discharge claim. It is therefore waived. *See United States v. Scrog-*

---

[8] *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 653 (5th Cir.), *cert. denied*, 133 S. Ct. 136 (2012).

[9] We do not consider other incidents of alleged harassment not based on race—plant manager Story's sexually-explicit criticism of lab technicians and threat to fire an entire press line for "bitching and complaining"—because Brew has no evidence "that the non-race-based harassment was part of a pattern of race-based harassment." *Id.* at 654.

*gins*, 599 F.3d 443, 446 (5th Cir. 2010). Also waived is Brew's contention, made for the first time on appeal, that the district court erred by denying his motion to compel discovery. *See Tex. Commercial Energy*, 413 F.3d at 510. Similarly, we will not consider alleged violations of 42 U.S.C. § 1983, § 1985, and the Fourteenth Amendment that were not presented to the district court. *Id.*

The summary judgment is AFFIRMED.[10]

---

[10] Weyerhaeuser's request for sanctions, presented in its brief but unaccompanied by a motion, is denied. *See* FED. R. APP. P. 38 Advisory Committee's Note (1994 amendment) ("[B]efore a court of appeals may impose sanctions, the person to be sanctioned must have notice and an opportunity to respond. . . . . A statement inserted in a party's brief that the party moves for sanctions is not sufficient notice.").